IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR GUPTON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2891 |
| | : | |
| DEREK OBERLANDER, *et al*. | : | |

**ORDER**

AND NOW, this 4th day of August, 2026, upon consideration of Petitioner Arthur Gupton's Amended Petition for Writ of Habeas Corpus, the Commonwealth's Response, the other documents filed by the parties, and after careful review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Dkt. No. 35) and Gupton's objections thereto, it is **ORDERED** that:

1. Gupton's objections (Dkt. No. 42) are **OVERRULED**;[1]
2. The Report and Recommendation is **APPROVED** and **ADOPTED**;
3. The Petition for Writ of Habeas Corpus is **DISMISSED** and **DENIED**; and
4. Gupton has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Accordingly, a certificate of appealability is **DENIED**.

---

[1] In his amended habeas petition, Gupton raises claims of ineffective assistance of counsel and expiration of Pennsylvania statute of limitations for the criminal offenses. Dkt. No. 5 at 8–10. On April 7, 2026, Magistrate Judge Wells issued a Report and Recommendation thoroughly addressing each of Gupton's claims. Dkt. No. 35. Judge Wells determined that, first, the statute-of-limitations claim is non-cognizable because it is based on an alleged error in the application of state law, and second, that the ineffective assistance of counsel claim lacks merit because it asserts Gupton's trial counsel was ineffective for omitting a meritless statute-of-limitations argument. In his objections filed on July 7, 2026, Gupton disagrees with Judge Wells's analysis and reargues the merits of his claims. Dkt. No. 42. Upon de novo review, this Court agrees with Judge Wells's analysis and proposed disposition for each of Gupton's claims. Gupton's objections are therefore overruled for the reasons stated in the Report and Recommendation.

The Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.